[Docket No. 16]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

KURT EDWARD WILSON, as the Executor of the Estate of Roscoe C. Wilson,

    Plaintiff,

    v.

PNC BANK NATIONAL ASSOCIATION,

    Defendant.

No. 21-1131 (RMB/AMD)

**OPINION**

**APPEARANCES**
Robert Matthew Rosenberg
Ted M. Rosenberg
Law Office of Ted M. Rosenberg, Esq.
321 New Albany Road, P.O. Box 97
Moorestown, New Jersey 08057

    *On behalf of Plaintiff*

Greyson Kyle Van Dyke
Reed Smith LLP
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540-7839

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant PNC Bank National Association ("PNC Bank" or "Defendant"). [Docket No. 16.] Defendant's Motion seeks dismissal of Plaintiff's Second Amended Complaint in its entirety. [Id.] For the reasons set forth herein, Defendant's Motion to Dismiss will be denied without prejudice.

I.       **FACTUAL BACKGROUND**

This case arises out of attempts that Plaintiff Kurt Edward Wilson ("Plaintiff") made, as executor, to seek payment for ten Certificates of Deposit (the "Certificates") that are allegedly owned by the estate of his late father, Roscoe C. Wilson, and allegedly remain unredeemed. [Docket No. 17, at 3–5.] Between 1975 and 1989, Roscoe C. Wilson purchased seven Certificates from Marine National Bank ("Marine"), [Docket Nos. 14-1, 14-2, 14-7, 14-8, 14-9, 14-10, 14-11], and three Certificates from Horizon National Bank ("Horizon"), [Docket Nos. 14-3, 14-5, 14-6]. Marine was acquired by Horizon on or about January 1, 1989, and Horizon was subsequently renamed Chemical Bank of New Jersey ("Chemical Bank") on January 3, 1989. [Docket No. 16-1, at 9.] In 1995, Chemical Bank merged into and now operates as PNC Bank. [Id.]

Roscoe C. Wilson passed away in 2002, but for reasons not presented to the Court his estate was not admitted to probate until 2018. [Docket No. 14, ¶¶ 2, 5.] Shortly after the estate was admitted to probate, the probate court authorized Plaintiff to serve as the succeeding executor of the estate. [Id. ¶ 6.] In November 2017, prior to the estate being admitted to probate, Plaintiff located the ten Certificates at issue while looking through the late Roscoe C. Wilson's papers. [Docket No. 16-1, at 8.]

As executor of the estate, Plaintiff brought the Certificates to Defendant (as successor to Marine, Horizon, and Chemical Bank) and sought payment, which Defendant refused. [Id.] Plaintiff alleges that the Certificates remain unredeemed, and that, as the successor to both Marine and Horizon, Defendant must redeem the Certificates. [Docket No. 14.]

## II.     PROCEDURAL HISTORY

Plaintiff initially brought this action in the Superior Court of New Jersey, Law Division, Cape May County on September 18, 2020. [Docket No. 1-2.] Defendant removed the case to this Court on January 25, 2021, on the basis of diversity jurisdiction. [Docket No. 1.] Plaintiff has since filed a Second Amended Complaint, which alleges twenty Counts, consisting of one state law breach of contract claim and one state law unjust enrichment claim for each of the ten Certificates at issue. [Docket No. 14.] Defendant filed the instant Motion to Dismiss on March 9, 2021. [Docket No. 16.] Plaintiff timely filed his Brief in Opposition on March 22, 2021. [Docket No. 17.] Defendant timely filed its Reply Brief on March 29, 2021. [Docket No. 18.]

## III.    LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (citing Conley v. Gibson, 355 U.S.

3

41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

## IV. DISCUSSION

Defendant puts forward three separate arguments for why all twenty Counts should be dismissed: (1) N.J. STAT. ANN. § 17:16W-4(a) provides for a presumption of payment, (2) Plaintiff's claims are barred by the statutory presumption of abandonment under N.J. STAT. ANN. § 46:30-B-18, and (3) Plaintiff's claims are barred by the doctrine of laches. [Docket No. 16.] The Court will address each argument in order.

### A. Presumption of Payment

Under New Jersey law, a "passbook" is defined as

> a document or record issued by a financial institution, which document or record represents an obligation of the financial institution, which obligation either has no fixed maturity or due date or which by its term is subject to automatic renewal or renewals for an indefinite time or indefinite number of times. Neither a periodic account statement nor any obligation for which applicable law provides a time by which the payment is due is a passbook for the purposes of this act.

N.J. STAT. ANN. § 17:16W-2. New Jersey law governing the payment for passbooks requires that,

> if a passbook is presented to a financial institution for payment and the financial institution has no record of the account and there is no record of payment of the account to the State pursuant to any applicable escheat or unclaimed property act:
>
> > a. If the presentation of the passbook is made by a successor of the owner more than 15 years after the date of the passbook, there shall be a rebuttable presumption that the account was paid in full to or on behalf of the owner or to a successor of the owner. The passbook itself does not rebut this presumption.

Id. § 17:16W-4. Plaintiff and Defendant both agree that the Certificates at issue here are "passbooks" under relevant New Jersey law and that Section 17:16W-4(a) applies to Plaintiff's request for payment. [See Docket Nos. 16-1, 17.]

5

Defendant argues that—because the passbook itself does not rebut the presumption of payment and the only documents that Plaintiff has put forward to rebut the presumption of payment are the Certificates themselves—the claims must be dismissed. [Docket No. 16-1, at 11–14.] Defendant also argues that even if Plaintiff could use the Certificates to argue against the presumption, the Certificates do not provide convincing enough evidence to overcome the presumption of payment. [Id.] In opposition, Plaintiff argues that the statute does not bar everything printed on a certificate from being able to rebut the presumption, but rather that it simply imposes a limitation that the mere presentation of a certificate itself, standing alone, cannot be used to rebut the presumption. [Docket No. 17, at 15–20.]

As an initial matter, Plaintiff pointed to additional information other than the Certificates themselves in order to rebut the presumption of payment for Certificates 3, 4, and 5.[1] [Docket No. 14, ¶¶ 73–75; Docket No. 17, at 25.] Specifically, Plaintiff points to a separate application document that Roscoe C. Wilson filled out for Certificate 4, and argues that similar applications may exist for Certificates 3 and 5 as well since they are identical to Certificate 4 and were obtained from the same bank around the same time. [Id.] Plaintiff has not indicated that he possesses any additional evidence besides the Certificates themselves to rebut the presumption of payment for the other Certificates (Certificates 1, 2, and 6–10).

---

[1] Plaintiff has assigned numbers to each of the Certificates at issue for ease of identification. [See Docket No. 14.] Defendant has referred to the Certificates by these same numbers, and the Court will do the same. [See Docket No. 16-1, at 8.]

6

Whether contractual language on a passbook can be used to rebut the presumption of payment under New Jersey law is a matter of first impression before the Court. While Plaintiff points to compelling policy reasons why the statute should be read to refer only to the presentation of a certificate itself, and not the entire document, [see Docket No. 17, at 14–24], this reading would conflict with the plain meaning of the text of the statute itself.[2]

The term "passbook" is "a <u>document</u> or record" under the applicable laws. N.J. STAT. ANN. § 17:16W-2 (emphasis added). Because it is indisputably a "document," a physical certificate itself, including all contractual language printed on the document, is a passbook for the purposes of the statute at issue.[3] Because a passbook cannot be used alone to rebut the presumption of nonpayment, the contractual language printed on a certificate—which is itself a part of the passbook—likewise cannot be used to rebut the presumption.

In writing the statute, it appears that the Legislature was also aware of the fact that these terms on a certificate could form part of the passbook. The definition of a passbook

---

[2] For example, Plaintiff argues that there is no rational basis to allow terms and conditions printed on a separate document to rebut the presumption while barring identical terms printed on a certificate itself from rebutting the presumption. [Docket No. 17, at 24.] While this argument may have merit as a matter of policy, policy changes must be effectuated by the Legislature, not this Court. See Haines v. Taft, 237 N.J. 271, 295 n.7 (2019) ("Although the dissent makes a passionate case for what it believes New Jersey's policy in this highly legislated area should be, . . . that is for the Legislature, not the court system, to decide.").

[3] It appears long-established that contractual terms printed in a passbook are a part of the passbook itself, and are not simply separate terms that accompany it. See Forbes v. First Camden Nat. Bank & Trust Co., 25 N.J. Super. 17, 21 (App. Div. 1953) (using the phrases "statements in the passbook" and "rules printed in the passbook"); see also Gordon v. Toler, 83 N.J. Eq. 25, 27 (N.J. Ch. 1914) (referring to "by-laws, as printed in the passbook"). Even Plaintiff appears to agree that the terms and conditions printed on a certificate are part of the same document and not a separate document, as he discusses a certificate with "terms and conditions printed therein." [Docket No. 17, at 24.]

also requires that the "document or record represents an obligation of the financial institution, which obligation either has no fixed maturity or due date or which by its term is subject to automatic renewal or renewals for an indefinite time or indefinite number of times." N.J. STAT. ANN. § 17:16W-2. In order to determine whether a document or record is a passbook, one must necessarily look at the terms that define the maturity or renewal of the passbook. The portions of text that Plaintiff points to specifically define such terms. [See, e.g., Docket No. 17, at 11.] Had the Legislature wished to exclude accompanying contractual terms and conditions present on the document itself from falling under the definition of a passbook, it could have done so. However, it did not, and it would be improper for the Court to create such an exception that the Legislature did not include in the statute. This interpretation is also consistent with the declared legislative intent of "prevent[ing] fraud against financial institutions" by making it so that passbooks (including terms printed within them) more than 15 years old cannot be used to prove their own status as being unpaid. N.J. STAT. ANN. § 17:16W-1.

      Because the instant Motion comes before the Court as a motion to dismiss, it would be premature for the Court to dismiss the Counts at this time for failing to provide sufficient evidence to rebut the presumption of payment. Plaintiff has made sufficient factual allegations to support his claims as required under Rule 8 of the Federal Rules of Civil Procedure, even if he is ultimately unable to successfully rebut the presumption of payment. While Plaintiff has not put forth evidence other than the Certificates themselves to rebut the presumption of payment for Certificates 1 through 3 and 5 through 10, it is possible that additional evidence that could be used to rebut the presumption may be located through discovery. Plaintiff must be allowed to conduct discovery in order to determine whether

additional evidence can be located that may rebut the presumption. If Plaintiff is unable to locate any additional evidence during discovery, dismissing the claims relating to Certificates 1 through 3 and 5 through 10 may be appropriate because of the unrebutted presumption of payment. Notably, both of the cases that Defendant cites to support its argument for dismissal due to the presumption of payment were likewise decided at the summary judgment stage after parties had completed discovery, and not at the motion to dismiss stage. [Docket No. 16-1, at 12 (citing Griffith v. Mellon Bank, N.A., 328 F. Supp. 2d 536 (E.D. Pa. 2004); Krawitt v. KeyBank, 871 N.Y.S. 2d 842 (N.Y. Sup. Ct. 2008)).]

**B.    Abandonment**

Second, Defendant argues that, regardless of the presumption of payment, Plaintiff's claims are barred because a statutory presumption of abandonment applies and Plaintiff has put forth no evidence to rebut this presumption. [Docket No. 16-1, at 15–16.] New Jersey law creates a presumption that

> [a] demand, savings, or time deposit, including a deposit that is automatically renewable, and any funds paid toward the purchase of a share, a mutual fund investment certificate, or any other interest in a financial organization is presumed abandoned three years after the earlier of maturity or the date of the last indication by the owner of interest in the property, but a deposit that is automatically renewable is deemed matured for the purposes of this section upon its initial date of maturity

N.J. STAT. ANN. § 46:30B-18. The statute also lays out several actions or occurrences that would avoid the property being presumed abandoned such as communications regarding the property or another relationship with the bank, among others. Id. The most recent Certificate has an initial date of maturity in 1989, and it is undisputed that more than three years have passed since maturity for all ten Certificates. [See Docket No. 14-6.]

Plaintiff has not argued that there is a circumstance under the statute that would avoid the property being presumed abandoned here, nor that he has rebutted the presumption of abandonment. Instead, Plaintiff argues that Defendant cannot make use of the presumption of abandonment since Defendant has not provided evidence that the funds have been escheated to the State of New Jersey as part of the requirements under the Uniform Unclaimed Property Act ("UUPA"). [Docket No. 17, at 31–32.]

Defendant has not argued that it has escheated the funds to the State of New Jersey and therefore should be provided complete relief of liability under Section 46:30B-61, but rather Defendant has simply argued that Plaintiff has not rebutted the statutory presumption that the Certificates have been abandoned. [Docket No. 16-1, at 15–16.] Whether Defendant may shield itself of all liability for abandoned property under the UUPA is not at issue. Rather, the question is whether the presumption of abandonment applies. Plaintiff provides no case law or statutory text to support his argument that Defendant "can only utilize the UUPA to shield itself from liability from [Plaintiff's] claims if it can show that it escheated the funds to the State."[4] [Docket No. 17, at 32.] While the statute provides a shield from liability for banks that have escheated funds, it does not make this a requirement for any shield from liability to apply. Defendant has pointed to facts, which Plaintiff does not dispute, that cause the Certificates at issue to be presumed abandoned under Section 46:30B-18. [Docket No. 16-1, at 15–16.]

---

[4] While Plaintiff points to Section 46:30B-61, the text of this section does not support the claim that the presumption of abandonment <u>only</u> applies if the funds have been escheated. [Docket No. 17, at 31.]

However, because Plaintiff has not yet had the opportunity to conduct discovery, he has not had the ability to locate evidence that could be presented to rebut the presumption of abandonment. It would be premature at this stage to deny Plaintiff the opportunity to conduct discovery when much of the evidence that could be used to rebut the presumption of abandonment, such as communications between Roscoe C. Wilson and Defendant, is evidence that, if it exists, Defendant possesses and Plaintiff has limited access to without being afforded discovery. See N.J. STAT. ANN. § 46:30B-18. Plaintiff has made sufficient factual allegations to support his claims as required under Rule 8, even if he is ultimately unable to successfully rebut the presumption of abandonment. Once again, if Plaintiff is unable to locate any evidence via discovery, his claims may fail. However, he must first be afforded the opportunity to seek discovery.

### C. Doctrine of Laches

Lastly, Defendant argues that, regardless of the presumption of payment or abandonment, the claims should be barred under the doctrine of laches. [Docket No. 16-1, at 16–18.] The doctrine of laches "is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Knorr v. Smeal, 178 N.J. 169, 180–81 (2003). Prejudice against a defendant is a core requirement of the doctrine of laches, and a successful laches defense "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Mancini v. Twp. of Teaneck, 179 N.J. 425, 431 (2004) (quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121–22 (2002)). In addition, key factors to be considered in deciding whether to apply the doctrine are "[t]he length of delay, reasons for delay, and changing conditions of either or

both parties during the delay." Lavin v. Bd. of Educ. of City of Hackensack, 90 N.J. 145, 152 (1982).

Defendant's arguments that the doctrine of laches should apply at this stage of the litigation are unconvincing. Defendant has not made a convincing showing that it would be prejudiced by Plaintiff's claims. The only prejudice Defendant points to is the cost and burden of litigation. [Docket No. 16-1, at 16–18.] However, the Supreme Court of New Jersey has held that having to defend against a potentially meritorious claim is not legal prejudice. Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001) (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2001)). If the Plaintiff were able to successfully prove that one or more Certificates have not been redeemed or abandoned, the only harm that Defendant would suffer would be an obligation to pay Plaintiff principal and interest to which Plaintiff is legally entitled.

While the parties disagree over whether or not the doctrine of laches can apply to legal as well as equitable claims, [Docket No. 18, at 8–10; Docket No. 17, at 32–34], the Court does not reach this argument as Defendant has failed to establish that it is entitled to the defense, regardless of the resolution of this question.

### V.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss without prejudice. An accompanying Order shall issue.

July 28, 2021                                             s/Renée Marie Bumb
Date                                                              RENÉE MARIE BUMB
                                                                       United States District Judge