IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KURT EDWARD WILSON, as the Executor of the Estate of Roscoe C. Wilson,<br><br>    Plaintiff,<br><br>    v.<br><br>PNC BANK NATIONAL ASSOCIATION,<br><br>    Defendant. | Civil No. 21-1131 (RMB/AMD)<br><br>**OPINION** |

**APPEARANCES**

Robert Matthew Rosenberg
Ted M. Rosenberg
Law Office of Ted M. Rosenberg, Esq.
321 New Albany Road, P.O. Box 97
Moorestown, New Jersey 08057

   *On behalf of Plaintiff*

Mark W. Fidanza
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103

   *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Motion for Reconsideration filed by Plaintiff Kurt Edward Wilson. [Docket No. 24.] For the reasons set forth herein, the Court will deny Plaintiff's Motion.

I.   **BACKGROUND**

As this Opinion is written primarily for the parties, the Court will simply incorporate its recitation of the facts from its previous Opinion:

> This case arises out of attempts that Plaintiff Kurt Edward Wilson ("Plaintiff") made, as executor, to seek payment for ten Certificates of Deposit (the "Certificates") that are allegedly owned by the estate of his late father, Roscoe C. Wilson, and allegedly remain unredeemed. [Docket No. 17, at 3–5.] Between 1975 and 1989, Roscoe C. Wilson purchased seven Certificates from Marine National Bank ("Marine"), [Docket Nos. 14-1,14-2, 14-7, 14-8, 14-9, 14-10, 14-11], and three Certificates from Horizon National Bank ("Horizon"), [Docket Nos. 14-3, 14-5, 14-6]. Marine was acquired by Horizon on or about January 1, 1989, and Horizon was subsequently renamed Chemical Bank of New Jersey ("Chemical Bank") on January 3, 1989. [Docket No. 16-1, at 9.] In 1995, Chemical Bank merged into and now operates as PNC Bank. [*Id.*]
> 
> Roscoe C. Wilson passed away in 2002, but for reasons not presented to the Court his estate was not admitted to probate until 2018. [Docket No. 14, ¶¶ 2, 5.] Shortly after the estate was admitted to probate, the probate court authorized Plaintiff to serve as the succeeding executor of the estate. [*Id.*, ¶ 6.] In November 2017, prior to the estate being admitted to probate, Plaintiff located the ten Certificates at issue while looking through the late Roscoe C. Wilson's papers. [Docket No. 16-1, at 8.]
> 
> As executor of the estate, Plaintiff brought the Certificates to Defendant (as successor to Marine, Horizon, and Chemical Bank) and sought payment, which Defendant refused. [*Id.*] Plaintiff alleges that the Certificates remain unredeemed, and that, as the successor to both Marine and Horizon, Defendant must redeem the Certificates. [Docket No. 14.]

[*See* Docket No. 22, at 2.]

Plaintiff brought this suit in 2021, alleging "twenty Counts, consisting of one state law breach of contract claim and one state law unjust enrichment claim for each of the ten Certificates at issue." [*Id.* at 3.] Defendant filed a Motion to Dismiss, which the Court granted on July 28, 2021. [*Id.*] In that Opinion, the Court ruled in relevant part that Plaintiff was required to rebut the presumption of abandonment pursuant to the Uniform Unclaimed Property Act ("UUPA"). [*See id.* at 9–10.] Plaintiff now seeks reconsideration of that aspect of the Opinion. [Docket No. 24-1, at 3–5.]

## II.   LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Bowers v. Nat'l Collegiate Athletics Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. *Agostino v. Quest Diagnostics Inc.*, Civil No. 04-4362, 2010 U.S. Dist. LEXIS 135310, at *5 (D.N.J. Dec. 22, 2010) (first citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); and then citing *Bowers*, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.

1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 515–16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Agostino*, 2010 U.S. Dist. LEXIS 135310, at *5. "A motion for reconsideration . . . is not to repeat arguments this Court considered, but rejected. In short, Plaintiff's mere disagreement with this Court's finding is not a basis for reconsideration." *Stetser v. Jinks*, Civil No. 10-3094 (RMB/JS), 2013 U.S. Dist. LEXIS 143578, at *1–3 (D.N.J. Oct. 3, 2013).

III.  ANALYSIS

Here, Plaintiff argues that the Court overlooked New Jersey Supreme Court precedent in ruling that Plaintiff had to overcome the UUPA presumption of abandonment. [Docket No. 24-1, at 3–5.] Specifically, Plaintiff relies on *Pagano v. United Jersey Bank*, 143 N.J. 220 (N.J. 1996). In that case, the New Jersey Supreme Court noted that the UUPA's presumption of abandonment does not apply to "the ordinary savings-account depositor" because "[t]he depositor of funds into a bank-

savings account is ordinarily entitled to believe, and does in fact expect, that the deposit is entirely safe, that the funds will be indefinitely available, and that no demand need be made and no action need be taken to protect the right to obtain those funds at any time the passbook is presented." *Id.* at 231 (quoting *Pagano v. United Jersey Bank*, 276 N.J. Super. 489, 498 (N.J. App. Div. 1994)). As such, somebody who deposits money into a savings account need not rebut an assumption of abandonment even after years of inactivity.

Plaintiff's reliance on this ruling is misplaced, however, because it is factually distinct from the matter at hand. Here, Plaintiff is not simply seeking the recovery of funds that his father deposited into a normal bank-savings account. Rather, he is seeking to cash out the Certificates. The Supreme Court explicitly noted this difference in the same paragraph that Plaintiff relies on:

> In contrast, the circumstances in the types of cases in which the presumption has been applied—mortgages, notes, judgments and legacies—failed to explain the years of inactivity. In those cases, the mortgagee, the holder of the note, the judgment creditor or the legatee is expected to take some action to protect his or her rights, whereas the holder of a savings-account passbook has no reason to take any action because he or she feels that the deposit is safe. The presumption of abandonment after ten years under the Act does not affect the expectation of the ordinary savings-account depositor because he or she is probably unaware of its existence. Neither the escheat laws nor other regulations manifest any intent to govern the depositor-bank relationship.

*Id.* (citing *Pagano*, 276 N.J. Super. at 498).

Here, Plaintiff (or Plaintiff's father) did not have a depositor-bank relationship with respect to the Certificates. Rather, he was expected to take some action to

5

protect his rights with respect to the Certificates—namely cash them out once they matured. This fact is supported by the text of the statute itself, which explicitly states that a "time deposit"—which a Certificate is a type of—"is presumed abandoned three years after [its] maturity." N.J. STAT. ANN. § 46:30B-18.

Therefore, the Court does not agree with Plaintiff that *Pagano* dictates the reconsideration of this Court's previous ruling.

## IV. CONCLUSION

Therefore, for the reasons expressed above, the Court will deny Plaintiff's Motion for Reconsideration. An accompany Order shall issue.

<u>January 28, 2022</u>                                        <u>s/Renée Marie Bumb</u>
Date                                                                    Renée Marie Bumb
                                                                              United States District Judge